# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| GERALD R. FOSTER,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA STATE PRISON,<br><br>Defendant. | Cause No. CV 09-00014-H-DWM-RKS<br><br>ORDER GRANTING MOTION TO EXPEDITE AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS |

This matter is before the Court on Plaintiff Gerald R. Foster's Motion to Expedite (Document 16) and his Amended Complaint filed May 12, 2009. (Document 11). The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

## I. MOTION TO EXPEDITE

Plaintiff contends in his Motion to Expedite that he has been attempting to file documents with the Ninth Circuit Court of Appeals and is continually being denied the ability to do so by prison officials. Given the seriousness of these allegations, the Court will grant the Motion to Expedite and complete the prescreening of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915 and

28 U.S.C. § 1915A.

## II.  PRESCREENING ANALYSIS

"It is well settled that the First Amendment protects the flow of information to prisoners."  Crofton v. Roe, 170 F.3d 957 (9th Cir. 1999).  This includes the right to send and receive mail.  See Thornburgh v. Abbott, 490 U.S. 401, 407, 109 S.Ct. 1874, 1878-79, 104 L.Ed.2d 459 (1989); see also Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995)).  Prison officials may adopt regulations that impinge on that constitutional right but only if "the regulation . . . is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).

Plaintiff continues to allege that prison officials's opening of his mail to and from the Ninth Circuit Court of Appeals violated both his state and Federal Constitutional rights.  As set forth in the Court's prior prescreening Order, these allegations fail to state a claim upon which relief may be granted.  "Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996).  "All correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files." Keenan, 83 F.3d at 1094 (citing Martin v. Brewer, 830 F.2d 76,

78 (7th Cir. 1987)).

Secondly, Plaintiff alleges prison officials interfered and disrupted his mail to the Ninth Circuit Court of Appeals.  A review of the electronic docket for Plaintiff's pending action in the Ninth Circuit Court of Appeals reveals quite the opposite.[1]

On November 17, 2008, United States District Judge Donald Molloy adopted the Findings and Recommendations of United States Magistrate Judge Jeremiah Lynch denying Plaintiff's Petition for a Writ of Habeas Corpus filed in Civil Action 08-CV-00130-M-DWM-JCL.  Plaintiff filed a Notice of Appeal on November 26, 2008 and the Certificate of Record was transmitted to the Ninth Circuit on December 1, 2008.  According to the Ninth Circuit's docket, Plaintiff's appellate case was opened on December 5, 2008.  Thereafter, Plaintiff began filing numerous documents with the Ninth Circuit Court of Appeals.  Strikingly, Plaintiff's filings in the Ninth Circuit seem to correspond to the documents alleged in the Amended Complaint as not reaching the Ninth Circuit.

For example, Plaintiff complains his brief and motion to vacate DC-05-

---

[1] The Court may take judicial notice of matters of public record, including court records available to the public through the PACER system via the internet. See Fed.R.Evid. Rule 201(b); *United States v. Howard*, 381 F.3d 873, 876, fn. 1 (9th Cir. 2004); *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986); *Chandler v. United States*, 378 F.2d 906, 909 (9th Cir. 1967) (it is "established rule" that "federal district court can take judicial notice of its own records").

054(C) were never received by the Ninth Circuit.  Yet according to the Ninth Circuit's electronic filing system, a twelve-page document entitled "Motion to Vacate DC 05 054(C) Brief of Defendant Appellant" was served on December 24, 2008 and filed in the Ninth Circuit on January 12, 2009.  Plaintiff was apparently aware of this filing since on February 6, 2009 the Ninth Circuit sent him a copy of the Ninth Circuit's docket sheet.

The Ninth Circuit also received a letter from Plaintiff on January 26, 2009 (Ninth Circuit Document 4); a letter from Plaintiff dated January 31, 2009 (Ninth Circuit Document 5); a letter from Plaintiff on February 23, 2009 asking the Court not to review his case until his motion and brief arrived (Ninth Circuit Document 6); a 15-page Motion to Vacate served on March 9, 2009 and filed on March 23, 2009 (Ninth Circuit Document 7); a 23-page Motion to Vacate served on May 23, 2009 and filed June 1, 2009 (Ninth Circuit Document 9); a motion for appointment of counsel served on May 23, 2009 and filed June 1, 2009 (Ninth Circuit Document 10); a three-page motion denying jurisdiction served on June 9, 2009 and filed June 15, 2009 (Ninth Circuit Document 13); and finally Plaintiff's 46-page Motion to Vacate filed on July 17, 2009. (Ninth Circuit Document 14).[2]

---

[2]The basis of Plaintiff's Motion to Expedite is that his certified mail # 7007 0220 0002 4122 4030 was not mailed to the Ninth Circuit.  As discussed, a Motion to Vacate was filed in the Ninth

The United States Supreme Court recently ruled that Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted). The "plausibility standard" is guided by "[t]wo working principles," *Iqbal,* 129 S.Ct. at 1949. First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949. "Second, only a complaint that states a plausible claim for relief survives" and "[d]etermining whether a complaint states a plausible claim for relief will, . . ., be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 129 S.Ct. at 1950. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal.* 129 S.Ct. at

---

Circuit on July 17, 2009. A tracking of this certified mail number on USPS.com confirms that Plaintiff's certified mail package was delivered at 9:30 am on July 17, 2009.

1949 (internal quotation marks and citation omitted).

The court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal,* 129 S.Ct. at 1950. Legal conclusions must be supported by factual allegations. *Iqbal,* 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 129 S.Ct. at 1950.

The Court takes judicial notice of the documents filed in the Ninth Circuit Court of Appeals and based upon those filings finds Plaintiff's allegations that the Montana State Prison officials are refusing to mail his documents to the Ninth Circuit to be frivolous.

Finally, Plaintiff alleges he has been denied access to the courts. Prisoners have a constitutional right of access to the courts. See *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828. It does not require both. See *Lindquist v. Idaho State Bd. of Corrections*, 776 F.2d

851, 854 (9th Cir. 1985). The right, however, "guarantees no particular methodology but rather the conferral of a capability–the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts. . . . [It is this capability] rather than the capability of turning pages in a law library, that is the touchstone" of the right of access to the courts. Lewis, 518 U.S. at 356-57.

The scope of the right of access to the courts is quite limited. Prisoners need only have "the minimal help necessary" to file legal claims. Lewis, 518 U.S. at 360. The Constitution does not even mandate "that prisoners (literate or illiterate) be able to conduct generalized research, but only that they be able to present their grievances to the courts." Id.

To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived. See Lewis, 518 U.S. at 349. An "actual injury" is an "'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'" Lewis, 518 U.S. at 348.

On June 4, 2009, Plaintiff was appointed counsel in his habeas case.

Therefore, he has more than the minimal help necessary to file his legal claims. Moreover, he has not alleged an actual injury such as an inability to meet a filing deadline or present a claim. While he contends his documents were not timely filed in the Ninth Circuit, they were as set forth above. Therefore, Plaintiff has failed to state a claim for denial of access to the courts.

### III. CONCLUSION

Given the plethora of Plaintiff's filings in the Ninth Circuit Court of Appeals and the appointment of counsel to Plaintiff, the Court cannot say Plaintiff's allegations plausibly give rise to a claim. His allegations are frivolous and fail to state a claim upon which relief may be granted.

#### A.  "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act (PLRA) prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). The Court should designate this case as a "strike" under this provision because Plaintiff's allegations are frivolous and fail to state a claim upon which relief may be granted.

**B. Certification Regarding Appeal**

The Federal Rules of Appellate Procedure provide as follows:

[A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (9th Cir. 2000).

Plaintiff's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit.  Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

**C. Address Changes**

At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to [Fed.R.Civ.P. 41(b)](Fed.R.Civ.P. 41(b)).

Based upon the foregoing, the Court issues the following:

### ORDER

Plaintiff's Motion to Expedite (Document 16) is **GRANTED**.

Further, the Court issues the following:

### RECOMMENDATIONS

1. This matter should be **DISMISSED WITH PREJUDICE** based upon frivolousness and failure to state a claim upon which relief may be granted.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Plaintiff's allegations are frivolous and fail to state a claim upon which relief may be granted.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and

Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.Civ.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 12th day of August, 2009.

                                            /s/ Keith Strong
                                            Keith Strong
                                            United States Magistrate Judge