

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | | |
|---|---|---|
| GERALD FOSTER, | ) | CV 09-14-H-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MONTANA STATE PRISON, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Foster is a state prisoner proceeding pro se. He filed an action

pursuant to 42 U.S.C. § 1983. United States Magistrate Judge Keith Strong

entered Findings and Recommendation in this matter on August 12, 2009. Judge

Strong recommended dismissing Foster's Complaint for failure to state a claim

upon which relief may be granted. Plaintiff timely objected on September 1, 2009.

Therefore, he is entitled to <u>de novo</u> review of those portions of the Findings and

.

-1-

Recommendation to which he objected. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).

Foster's Complaint alleges that prison officials have violated his constitutional rights by opening mail he has sent to and from the Ninth Circuit Court of Appeals. He also claims prison officials have interfered with his mail to the Ninth Circuit. Finally, he alleges he has been denied access to the Courts. Judge Strong found that Foster's claims were frivolous and that he had failed to state a claim upon which relief may be granted. First, Judge Strong found that it is not a constitutional violation for prison officials to inspect Foster's mail to and from courts. See Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996). Second, Judge Strong found that, contrary to Foster's assertions, he has been able to file a plethora of documents with the Ninth Circuit, and the claim has no basis in fact. Last, Judge Strong found that Foster has not alleged any facts that would show he has suffered an actual injury because of a denial of access to the courts. See Lewis v. Casey, 518 U.S. 343, 349 (1996) (stating that a denial of access claim requires a showing of actual injury as part of the jurisdictional basis for the claim).

Foster objects, restating his assertion that prison officials have interfered

-2-

with his mailing of documents to the Ninth Circuit. However, he admits that the Ninth Circuit has received the documents he has attempted to file. Pl.'s Obj. at 1. Thus, by his own admission his claims have no factual basis. He also restates his claim that his mail was illegally opened. However, as Judge Strong found, Foster has no constitutional right against having his mail to and from a court opened by prison officials because it is not legal mail, such as mail from his attorney. Keenan, 83 F.3d at 1094. I agree with Judge Strong that Foster's claims are frivolous, and he has stated no claim upon which relief may be granted. I find no clear error in Judge Strong's remaining findings and recommendations. Accordingly,

IT IS HEREBY ORDERED that Judge Strong's Findings and Recommendation (dkt #18) are adopted in full. Foster's Complaint (dkt #2) is DISMISSED WITH PREJUDICE.

The Clerk of Court is directed to close this matter and to enter judgment in favor of Defendant and against Foster pursuant to Fed. R. Civ. P. 58.

The Clerk of Court is further directed to have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Plaintiff's complaint is frivolous and fails to state a claim upon which relief may be granted.

The Clerk of Court is further directed to have the docket reflect that the

-3-

Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate

Procedure that any appeal of this decision would not be taken in good faith.  The

complaint is frivolous because if lacks arguable substance in law or fact.

Dated this ____ day of September, 2009.

Donald W. Molloy, District Judge
United States District Court